**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **COMMISSION FOR LAWYER** | § | |
| **DISCIPLINE (CFLD).** | § | |
| | § | |
| | § | **CIVIL ACTION No. _____.** |
| **V.** | § | |
| | § | |
| **DIOGU KALU DIOGU II** | § | |

**NOTICE OF REMOVAL**

**TO THE HONORABLE COURT, PLAINTIFF HEREIN, AND THEIR**

**RESPECTIVE COUNSEL OF RECORD;**

**PLEASE TAKE NOTICE THAT THE DEFENDANT, DIOGU KALU**

**DIOGU II.**, has filed this Notice of Removal to the Federal Court. This is a civil action

over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1442

and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441.

Pursuant to 28 U.S.C. § 1446(a), the Defendant assert the following grounds in support

of their Notice of Removal

1. This action was initially filed on or about January 20th, 2021, in the 458th Judicial

District Court of Fort Bend County, Texas, entitled Commission For Lawyer Discipline

(CFLD) v Diogu Kalu Diogu II, **("DIOGU")** under Case No. 21-DCV-279744.

2. Pursuant to 28 U.S.C. § 1446(a) attached hereto are copies of all relevant process,

pleadings, and orders served upon Defendant and all relevant pleadings and orders in

the removed case. In particular: (i) an index of the matters filed herewith is attached as

**[Exhibit A]**; (ii) a copy of all relevant pleadings filed to date is attached as **[EXHIBIT**

**B]**; (iii) a copy of the docket sheet in the state court action is attached as **[EXHIBIT**

**C]**; and (iv) a list of all counsel of record, addresses, telephone numbers, and the

1

parties represented, is attached as **[EXHIBIT D]** and other papers including email communications are attached. **[EXHIBIT E]**

3.  According to the Petition, the Complaint is Pete Drew Kennedy (SBOT 201904279, and (Compl. "Section VIII"). *Interestingly, the cause of actions alleged in this complaint belongs to third parties that are not even a part of the lawsuit.*

4.  According to the Petition, the Commission For Lawyer Discipline **(CFLD)** and Pete Drew Kennedy **((SBOT 201904279))** (known hereafter as CFLD) are the same.

5.  The cause of actions alleged in **["A" and "B"]** of the complaint belongs to third parties who are not parties to this lawsuit.

6.  According to the Complaint, Defendant, Diogu Kalu Diogu II appeared in his individual capacity, either as "Pro Se" i.e., without representing a client in the State Court, Section "A" of the complaint, because his law firm had forfeited its corporate identity at that time, and could neither be sued nor sue, or as a party, represented by an attorney in the Federal Court.

7.  According to the complaint, the cause of action is about alleged "informational injury" and nothing more. **[Compl. "Section VI", "A" and "B"].**

8.  Following TransUnion, federal courts of appeals have consistently recognized that a mere deprivation of information to which a plaintiff claims he or she is entitled, alone, is insufficient to satisfy Article III[1]. Rather, to have standing based on an alleged "informational injury," the plaintiff must show that he (himself) suffered "adverse

---

[1] See, e.g., Munoz v. PHH Corp., 2023 WL 2202228, at *1 (9th Cir. Feb. 24, 2023) ("TransUnion's intervening change in the law foreclosed Plaintiffs' ability to proceed to trial on an informational injury theory of standing[.]"); Campaign Legal Ctr. v. Scott, 49 F.4th 931, 936 (5th Cir. 2022) ("TransUnion generally rejected the [plaintiff's] advocacy for an unlimited 'informational injury' approach to standing[.]").

effects" or other "downstream consequences" from the denial of the information. These third parties whom the plaintiff claimed to have been deprived of the accurate information, are not even a party to this lawsuit[2].

9.   According to the complaint, Pete Drew Kennedy further alleges that as a result of those acts or omissions (informational harm") alleged in the causes of action, without more, Diogu violated certain sections of the Rules of the Texas Disciplinary Rules Of Professional Conduct. **[Compl. "Section VIII"]**

10. Recently, the Fifth Circuit noted that *TransUnion* explicitly held that "Article III standing requires ***a concrete injury even in the context of a statutory violation" and that "under Article III, an injury in law is not an injury in fact.***"[3] (emphasis added). As such, the Plaintiff's allegation of a "statutory" violation of the Texas Disciplinary Rules Of Professional Conduct was insufficient to establish standing to bring this lawsuit ab initio.[4]

**11.** The case is removable because "[E]ven when a state court petition pleads only state law causes of action," a federal court has jurisdiction "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) "In the federal question context, "'arising under' means (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Gomez v. O'Reilly Auto. Stores, Inc., 283 F.Supp.3d 569, 572

---

[2] By the way, the information provided to the Fert Bend County, court was accurate. The
[3] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, --- F.4th ---, No. 21-50958, 2022 WL 3355249, at *4 (5th Cir. Aug. 15, 2022) (citing TransUnion, 141 S. Ct. at 2197)
[4] See *id.*

3

(W.D. Tex. 2017) (citing Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006)). **[Exhibit "B" and "E"]**

<b>REMOVAL IS TIMELY</b>

12. If the case stated by the initial pleading is not removable, 28 U.S.C.§ 1446(b) provides that the case may be removed within thirty days of the defendants "receipt...through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  The last date that resulted from the Plaintiff's voluntary communication to the court that led to this removal occurred on or about December 11th, 2023, as such, the removal is timely. **[Exhibit "B" and "E"]**

13. A defendant does not have a duty to investigate whether a case is removable. See Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).

14. The case became removable after the federal issues were (1) raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Davis v. Time Ins. Co., 698 F. Supp. 1317,1321 (S.D. Miss. 1988), that results from a voluntary act of the plaintiff, Addo v. Globe Life & Accident Ins. Co. 230 F3d 759, 761-62 (5th Cir. 2000). The requirements are met here

<b>THIS CASE IS REMOVABLE<br>UNDER SUBSTANTIAL FEDERAL QUESTION JURISDICTION</b>

15. This action is removable under 28 U.S.C. § 1331 as involving a substantial federal question. This means, in other words, that a state-law cause of action may arise under federal law where "the vindication of a right under state law depends on the validity, construction, or effect of federal law."  "Although states may regulate the legal

profession and work to improve the quality of legal services,"[5] "they do not have a compelling interest in regulating the speech of a lawyer who is providing legal service to no one.  **42 U.S.C. § 1983 (Section 1983), US Const. Art. III, Sec. 2**, See Am. Campus Cmtys. v. Berry, 667 S.W.3d 277, 288 (Tex. 2023) (Citing TransUnion LLC v. Ramirez, ––– U.S. ––––, 141 S. Ct. 2190, 2214, 210 L.Ed.2d 568 (2021), see also, *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (Citing Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) The requirements are satisfied here.

### A.  THE STATE-LAW CLAIMS NECESSARILY RAISE A DISPUTED FEDERAL ISSUE

16. The Plaintiff's complaint relates to the alleged "Informational injury" type cause of actions that belong to third parties that are not a part of this lawsuit. The U.S. Supreme Court has recently wrestled with similar arguments regarding legislative attempts to confer standing based on "informational injury" alone." Am. Campus Cmtys. v. Berry, 667 S.W.3d 277, 288 (Tex. 2023) (Citing TransUnion LLC v. Ramirez, ––– U.S. ––––, 141 S. Ct. 2190, 2214, 210 L.Ed.2d 568 (2021).

17. In *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, --- F.4th ---, No. 21-50958, 2022 WL 3355249, at *1 (5th Cir. Aug. 15, 2022), Fifth Circuit noted that *TransUnion* explicitly held that "Article III standing requires a concrete injury *even in the context of a statutory violation*" and that "under Article III, an injury in law is *not* an injury in fact." *Id.* at *4 (citing *TransUnion*, 141 S. Ct. at 2197)

18. In the federal question context, "'arising under' means (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution

---

[5] *See Boudreaux v. La. State Bar Assoc.*, No. 23-30564 at *26 (5th Cir. Nov. 13, 2023)

of a substantial question of federal law." *Ward v. Benthic LLC*, Civil Action 4:22-CV-2974 at *6 (S.D. Tex. Jun. 6, 2023) (Citing Gomez, 283 F.Supp.3d at 572 (citing Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006)). See also, Board of Commissioners of Southeast Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline Co., L.L.C., 850 F.3d 714, 722 (5th Cir. 2017) (holding that federal question jurisdiction existed over the plaintiff's negligence and nuisance claims because some of the claims relied on federal law to hold the defendants liable.)  Accordingly, the Plaintiff cannot prevail unless he proves Art. III, standing[6] and a violation of federal law; the Plaintiff's claims raise a disputed federal issue.

### B.  THE FEDERAL INTEREST IS SUBSTANTIAL

19. The federal interest at issue in this case is also substantial. The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Bd. of Comm'rs of the Se. La. Flood Prot. Auth.—E. v. Tenn. Gas Pipeline Co., 850 F.3d 714, 724 (5th Cir. 2017) "it is not enough that the federal issue be significant to the particular parties in the immediate suit.... The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Id., "The Supreme Court has suggested that an issue can be important for many reasons: because state adjudication would "undermine 'the development of a uniform body of [federal] law' " Id.; because the case presents "a nearly pure issue of law" that would have applications to other federal cases; Id., or because the resolution of the issue has "broad[ ] significance" for the federal government. Id., "The absence of any federal

---

[6] "Texas standing requirements parallel the federal test for Article III standing [In Lujan,] [t]he United States Supreme Court . . . articulated the three elements of standing [] which have been adopted by this Court[.]" Jeuudah v. Hous. Police Dep't, Civil Action 4:22-CV-3545 at *8-9 (S.D. Tex. Jun. 27, 2023) (Citing In re Abbott, 601 S.W.3d 802, 807-08 (Tex. 2020) (orig. proceeding) (per curiam) (citation omitted). Thus, because the Plaintiff lacks standing under Article III, she also lacks standing to bring this lawsuit in state court.

cause of action ... [is] worth some consideration in the assessment of substantiality." Bd. of Comm'rs of the Se. La. Flood Prot. Auth.—E. v. Tenn. Gas Pipeline Co., 850 F.3d 714, 724 (5th Cir. 2017)

20.     The substantiality requirement was met in this case because the relevant federal statutes plainly regulate "issues of national concern" and because the case affects "an entire industry" rather than a few parties. The lawsuit is "a collateral attack on an entire regulatory scheme of the state bar ... premised on the work to improve the quality of legal services," and not the regulating the speech of a lawyer who is providing legal service to no one[7] and that "Article III standing requires a concrete injury *even in the context of a statutory violation of state bar disciplinary rules*" It is clear that the federal issue presented here "is not anomalous or isolated," but likely to be present in other cases, thus, the issue in this instant raises a substantial federal interest. The Fifth Circuit's application and clarification of the United States Supreme Court's 2021 decision in TransUnion LLC v. Ramirez, ---U.S.---, 141 S. Ct. 2190, 2200 (2021) ("TransUnion") should result in the dismissal of other pending actions and prevent future actions based on allegations of a mere statutory violation of State Bar Disciplinary Rules, future risk of informational harm, resulting from communications made before a tribunal because "under Article III, an injury in law is not an "injury in fact"." Perez v. McCreary, Veselka, Bragg & Allen, P.C., --- F.4th ---, No. 21-50958, 2022 WL 3355249, at *4

---

[7] Advocate ABA Model Rule 3.3 Comment [1] This Rule governs the conduct of a lawyer who is representing a client in the proceedings of a tribunal. Tex. Dis. Rules 3.01, (comment (1) Likewise, these Rules impose limitations on the types of actions that a lawyer may take on behalf of his client. See Rules 3.02-3.06, 4.01-4.04, and 8.04.

(5th Cir. Aug. 15, 2022) (citing TransUnion, 141 S. Ct. at 2197). See also, ABA Model Disciplinary Rule 3.3 Comment [1]

### C. THE EXERCISE OF JURISDICTION WOULD NOT DISTURB ANY CONGRESSIONALLY APPROVED BALANCE OF FEDERAL AND STATE JUDICIAL RESPONSIBILITIES

21. This Court's exercise of jurisdiction also would not disturb any approved balance of federal and state responsibilities. There is no bright-line rule in determining the presence of a federal issue because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Reuter ex rel. H.R. v. Medtronic, Inc., 996 F. Supp. 2d 671, 681 (S.D. Ohio 2014) The relevant inquiry is whether there is reason to think Congress would prefer "that the federal questions presented here be resolved by state courts." Id. (citing State of Michigan v. Bay Mills Indian Cmty., 695 F.3d 406, 413 (6th Cir. 2012)). And there are no fixed rules as the Supreme Court has cautioned against focusing on the nature of the federal interest. Merrell Dow Pharms v. Thompson, 478 U.S. 804, 815 n.12 (1986) Thus, where Congress has "imposed a regime of detailed federal oversight it would be nonsensical to prevent such claims to be removed to a federal forum." Id. (internal quotation marks omitted).

22. Indeed, the Fifth Circuit recently addressed a nearly identical argument Plaintiff makes here that *TransUnion* explicitly held that "Article III standing requires a concrete injury ***even in the context of a statutory violation***" and that "under Article III, an injury in law is ***not*** an injury in fact." Perez v. McCreary, Veselka, Bragg & Allen, P.C., 45 F.4th 816 (5th Cir. 2022), requires the plaintiff to "show (i) that he, ("himself and not a third party") suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury

would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203. The exercise of jurisdiction would not disturb any congressionally approved balance of federal and state judicial responsibilities because [In Lujan,] [t]he United States Supreme Court . . . articulated the three elements of standing [] which have been adopted by this Court[.]" In re Abbott, 601 S.W.3d 802, 807-08 (Tex. 2020) (orig. proceeding) (per curiam) (citation omitted). "The Texas injury-in-fact analysis similarly requires that the plaintiff suffer 'personal' injury." Id. (quoting Heckman v. Williamson County, 369 S.W.3d 137, 153 (Tex. 2012)[8]

### D. ALL REMOVAL PROCEDURES ARE SATISFIED

23.      Defendants were served on December 21st, 2023. Accordingly, this removal is timely, since Defendant is not required to remove until 30 days from the service/receipt of "order papers" from Plaintiff on December 17th, 2023. **[Exhibit E].** Defendants hereby reserve their right to amend this notice of removal.

WHEREFORE, Defendants respectfully remove this action from the 458th Judicial District Court of Fort Bend County to this Court.

Respectfully Submitted:

By:/S/ Diogu K. Diogu II, LL.M
Diogu K. Diogu II, LL.M
4726 Gainsborough Drive
Brookshire, Texas 77423
Tel: (713) 791 3225
Fax: (832) 408-7611
Diogu.diogu.law.firm@gmail.com

### CERTIFICATE OF SERVICE

---

[8] "There is an exception to the remand requirement in cases where it is "sufficiently certain" that state court would also lack jurisdiction and that remand would be futile. Int'l Primate Prot. League v. Adm 'rs of Tulane Educ. Fund, 500 U.S. 72, 88-89 (1991); Boaz Legacy, L.P. v. Roberts, 628 Fed.Appx. 318, 320 (5th Cir. 2016) (per curiam)." *Jeuudah v. Hous. Police Dep't*, Civil Action 4:22-CV-3545 at7-8 (S.D. Tex. Jun. 27, 2023)

On December 21st, 2023, I certify that each attorney of record or party served a true and correct copy of this notice under the Federal Rules of Civil Procedure.

/s/Diogu Kalu Diogu II, LL.M.
Diogu Kalu Diogu II, LL.M.