United States District Court
Southern District of Texas
**ENTERED**
December 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COMMISSION FOR LAWYER DISCIPLINE (CFLD), § § § Plaintiff, § VS. § DIOGU KALU DIOGU, II, § § Defendant. § | CIVIL ACTION NO. 4:23-CV-4766 |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

Defendant Diogu Kalu Diogu, II ("Diogu") removed this case to this Court under the federal question jurisdiction statute, 28 U.S.C. § 1331. (Dkt. 1; Dkt. 2). This Court is "duty-bound to examine the basis of subject matter jurisdiction sua sponte[.]" *Union Planters Bank National Association v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) ("[A] party may neither consent to nor waive federal subject matter jurisdiction."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Having examined Diogu's notice of removal, the record, and the applicable law, the Court concludes that it lacks subject matter jurisdiction over this dispute. This case is **REMANDED** to the 458th Judicial District Court of Fort Bend County, Texas, where it was assigned cause number 21DCV279744.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Commission for Lawyer Discipline ("the Commission") sued Diogu in Texas state court under Chapter 81 of the Texas Government Code, also known as the Texas State Bar Act. (Dkt. 2 at pp. 191–200). The Commission alleged that Diogu committed "professional misconduct as defined by Rule 1.06CC of the Texas Rules of Disciplinary Procedure" by making false declarations to Texas state courts under penalty of perjury; filing a groundless motion to recuse a Texas state-court judge; and forging a client's signature on a contingent fee agreement. (Dkt. 2 at pp. 191–200). The Commission requested that the Texas state court discipline Diogu through a formal reprimand, suspension of his Texas law license, or disbarment and further sought restitution, "if applicable[.]" (Dkt. 2 at p. 197). The Commission did not plead any other causes of action.

Diogu removed this case to this Court under the federal question jurisdiction statute, 28 U.S.C. § 1331. (Dkt. 1; Dkt. 2).

## LEGAL STANDARDS

A defendant may remove to federal court a state-court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), and the federal court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears

the burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. An action can "arise under" federal law as contemplated in Section 1331 in two ways. The first and more obvious way is where a well-pleaded complaint explicitly asserts a cause of action created by federal law. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008).

The second way is where a well-pleaded complaint asserts a state-law cause of action that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Venable*, 740 F.3d at 941 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (brackets omitted); *see also Singh*, 538 F.3d at 338. A state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue, *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338, and a civil action does not arise under federal law by dint of a "mention of federal law" in its articulation of a state-law claim. *Howery*, 243 F.3d at 917–19. Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Venable*, 740 F.3d at 943 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)) (brackets and capitalization omitted); *see also Singh*, 538 F.3d at

338 (noting that resolution of the federal issue must be "*necessary* to resolution of the state-law claim") (emphasis added).

Ultimately, the determination of whether a state-law claim raises a federal issue that confers subject matter jurisdiction on the federal courts is a "contextual" one for which there is no "bright-line rule[.]" *Grable*, 545 U.S. at 317–18. Under the well-pleaded complaint rule, the court limits its inquiry to "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Venable*, 740 F.3d at 942 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)). Moreover, the district court looks at "the state court complaint as it exists at the time of removal[.]" *Cavallini v. State Farm Mutual Insurance Co.*, 44 F.3d 256, 264–65 (5th Cir. 1995).

## ANALYSIS

The Commission's state-court pleading asserts no causes of action created by federal law and, in fact, does not mention federal law at all. (Dkt. 2 at pp. 191–200). To establish federal question jurisdiction, then, Diogu must show that "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one," of the Commission's state-law cause of action. *Venable*, 740 F.3d at 943 (brackets and capitalization omitted). Diogu has failed to make that showing.

Diogu contends that federal law creates an essential element of the Commission's claim against him based on a two-step argument. The first step of the argument is that the Commission, like all plaintiffs, must show that it has standing to sue. (Dkt. 1 at pp. 5–9). The second step is that the Texas Supreme Court has written that "Texas standing

requirements parallel the federal test for Article III standing[.]" *In re Abbott*, 601 S.W.3d 802, 807 (Tex. 2020). (Dkt. 1 at pp. 5–9). Because Texas standing requirements parallel the federal test for Article III standing, the argument concludes, federal law necessarily creates an essential element of the Commission's cause of action, since the Commission must satisfy the federal standing test to maintain its suit under Texas law.

The Court disagrees with Diogu. If Diogu's analysis were an accurate statement of the law, then literally any case brought under Texas law would be removable to federal court. Absolutely no authority that the Court can find supports such a radical proposition. Texas law may currently parallel federal law in the area of standing, but Texas caselaw and Texas Constitutional provisions still create the rules by which Texas courts determine whether they have the authority to decide cases. *See In re Abbott*, 601 S.W.3d at 807 (explaining that Texas standing doctrine derives from the separation-of-powers and open-courts provisions of the Texas Constitution). Put another way, the standing requirement that the Commission must satisfy is created by Texas state law, not by federal law. Even though Texas cases refer to federal standing law, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Grable*, 545 U.S. at 314 ("We have not kept [state-law claims between nondiverse parties] out [of federal court] simply because they appeared in state raiment . . . but neither have we treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law.").

As previously mentioned, Diogu bears the burden of establishing by a

preponderance of the evidence that federal jurisdiction exists and that removal was proper. *Manguno*, 276 F.3d at 723. He has not carried that burden.

## CONCLUSION

The record does not show that this Court has subject matter jurisdiction over this dispute. Accordingly, this case is **REMANDED** to the 458th Judicial District Court of Fort Bend County, Texas, where it was assigned cause number 21DCV279744. The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Fort Bend County, Texas and the Clerk of the 458th Judicial District Court of Fort Bend County, Texas. Any pending motions are **DENIED as moot**.

SIGNED at Houston, Texas on December 28, 2023.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE